• SLAUGHTER, J.,
dissenting.
I respectfully dissent from the Court’s decision to reinstate the indirect contempt against Father, A key procedural protection within the governing contempt statute applies here. See Ind.Code § 34-47-3-5. Specifically, Father was entitled “to be served with a rule of the court” that “clearly and distinctly set forth the facts that are alleged to constitute the contempt”. Id. §§ 34-47-3-5(a), 5(b)(1). Given the trial court’s acknowledged failure to issue a rule to show cause in accordance with this statutory prerequisite, I would reverse its contempt order.
The Court overlooks this omission by concluding the statute merely codifies the minimal constitutional “due process requirement that a contemnor be provided with adequate notice and an opportunity to be heard.” Supra at 833 (quoting In re Contempt of Wabash Valley Hosp., Inc., 827 N.E.2d 50, 62 (Ind.Ct.App.2005)). According to the Court, it suffices that Mother’s motion for rule to show cause “contained detailed factual allegations that Father failed to comply with provisions of the dissolution decree and agreed modification order.” Supra at 833. I am unable to join the Court’s opinion because I believe the legislature is entitled to require that alleged contemnors receive greater procedural protections than the minimum constitutional requirements afforded by the Fourteenth Amendment.
There can be no mistaking the legislative mandate here. The statute’s opening words command that the procedural requirements recited in this chapter apply “[i]n all cases” of indirect contempt. I.C. § 34-47-3-5(a). The statute’s plain meaning required the trial court to issue a rule to show cause detailing the factual basis for Father’s alleged contempt. Because *837 the court failed to do so, its contempt order should not stand. I respectfully dissent from our decision excusing the trial court’s noncompliance and reinstating Father’s contempt.